[Cite as *Parma v. Skonezny*, 2013-Ohio-1558.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98804**

## CITY OF PARMA

PLAINTIFF-APPELLEE

vs.

## DANIEL J. SKONEZNY

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Parma Municipal Court
Case No. 11 TRC 02683

**BEFORE:** Jones, P.J., S. Gallagher, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 18, 2013

**ATTORNEY FOR APPELLANT**

Stephen McGowan
19211 West Brooke Lane
Strongsville, Ohio 44149


**ATTORNEYS FOR APPELLEE**

Tim Dobeck
City Prosecutor

BY: Richard A. Neff
Assistant Prosecutor

Kelly Nicole Mason
Staff Attorney
City of Parma
5555 Powers Boulevard
Parma, Ohio 44129

LARRY A. JONES, SR., P.J.:

**{¶1}** Defendant-appellant, Daniel Skonezny, appeals from the trial court's judgment denying his motion to suppress. We affirm.

## I. Procedural History and Facts

**{¶2}** In March 2011, Skonezny was arrested by Parma police officer Thurston Voisine, and charged with operating a vehicle while intoxicated and failure to yield the right-of-way when making a left turn.

**{¶3}** In January 2012, Skonezny filed a motion to suppress, which was denied after a hearing. Skonezny pleaded no contest to the charges, and the trial court found him guilty. The trial court sentenced him to a 120-day jail term, with 109 days suspended, and credit for one day served. The trial court also placed Skonezny on probation.

**{¶4}** The following facts, as testified to at the suppression hearing, gave rise to the arrest and conviction. On the day in question, Officer Voisine responded to the intersection of Snow Road and Edgehill Drive in Parma after receiving a dispatch that an accident had occurred there and it possibly involved a "hit-skip."

**{¶5}** Snow Road is a four-lane roadway running east and west. Edgehill Drive runs north and south and intersects Snow Road. A stop sign controls vehicles traveling on Edgehill Drive where it intersects Snow Road; traffic traveling on Snow Road at that intersection has the right-of-way.

**{¶6}** Upon arriving at the scene, Officer Voisine saw two vehicles on Edgehill

Drive: one vehicle was facing southbound and the other was at an angle crashed into the first. The officer spoke to the two individuals who had been driving the vehicles, Joseph Milauskas and Robert Goldner.

{¶7} Goldner testified that he was the driver of the vehicle that had been crashed into. He testified that he had been traveling southbound on Edgehill Drive and was stopped at the stop sign where the road intersects Snow Road, waiting to cross Snow Road and continue traveling on Edgehill Drive. While waiting, Goldner saw a pick-up truck, traveling eastbound on Snow Road, make a left-hand turn onto Edgehill Drive. Goldner testified that he thought the truck did not have "enough clearance" to make such a turn.

{¶8} Milauskas testified that he was driving westbound on Snow Road, approaching Edgehill Drive, when the pick-up truck turned in front of him. Milauskas realized that if he did not take evasive action he was going to hit the truck, so he veered to the right, hoping to just go up on the curb by Edgehill Drive. However, the road was wet, Milauskas was unable to stop, and he hit Goldner's vehicle. Milauskas testified that the truck turned right "in front" of him, "without stopping." According to Milauskas, he (Milauskas) was driving under the posted speed limit because the road was wet and in poor condition.

{¶9} The pick-up truck was not at the scene when Officer Voisine initially arrived. Goldner described the truck to the officer and told him that he had previously seen the truck in the neighborhood, although he did not know to whom it belonged. As Goldner

was describing the truck to the officer, Goldner saw it and alerted Voisine. The truck was parked on Snow Road. Officer Voisine looked at the truck, and the driver drove away. The officer then left the accident scene to follow the truck.

{¶10} The driver drove the truck to a residence a short distance away, pulled in the driveway, opened the garage door, exited the vehicle, went into the garage, and "immediately" shut the garage door.

{¶11} Officer Voisine went up to the house, and knocked on the door, with the intent of asking the driver if he knew anything about the accident. After several minutes, the man Officer Voisine recognized as the driver of the truck opened the door. The officer identified the driver at the suppression hearing as Skonezny. Voisine asked Skonezny if he could come in, and Skonezny initially just stared at the officer, but then said "yes" in a "slurred" manner.

{¶12} The officer testified that he could smell alcohol "right away" when Skonezny opened the door. The officer also testified that Skonezny "stumbled backwards" as he was opening the door and had to use the door to regain his balance. Voisine asked Skonezny where he had been coming from and Skonezny said the Post and Beam Bar.

{¶13} Voisine asked Skonezny if he had been involved in an accident and Skonezny said that he did not remember being in an accident and told the officer that he had just been "driving around trying to come home." He told the officer that he had driven on Edgehill Drive.

**{¶14}** Officer Voisine asked Skonezny how much alcohol he had consumed and Skonezny said approximately seven beers. He declined field sobriety testing. Officer Voisine arrested him.

## II. Law and Analysis

**{¶15}** Skonezny's sole assignment of error states that "[t]he trial court erred in denying Defendant's Motion to Suppress."

**{¶16}** A motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *Id.*

A. The Trial Court's Findings of Fact

**{¶17}** According to Skonezny, the trial court took "contradictory" positions: first, an "unwilling[ness] to make a finding that Defendant's vehicle was involved in the accident," and second, the conclusion that his vehicle was involved in the accident. We disagree with Skonezny's interpretation of the court's judgment.

**{¶18}** In the concluding paragraph of the trial court's judgment entry, the court stated that it was "satisfied that the officer had a reasonable suspicion to investigate and

locate the Defendant's vehicle, which he did." In the next sentence the court stated that

> [w]hether the Defendant and his vehicle were involved in the crash or not is in one sense secondary, because it was a vehicle described by the other witnesses in the vicinity, although it appears that the Defendant's vehicle may be the third vehicle involved.

{¶19} When read in context, the trial court's findings are not contradictory. The trial court was explaining, correctly so, that Officer Voisine had reasonable suspicion, based on what Goldner and Milauskas told him had occurred, to investigate, regardless of whether Skonezny would ultimately be implicated. *See State v. Dowers*, 12th Dist. No. CA98-03-065, 1998 Ohio App. LEXIS 5996 (Dec. 14, 1998), *3-4 (officer who arrived at scene to investigate automobile accident was "lawfully investigating the accident and was entitled to question appellant about his role in the accident.").

{¶20} Skonezny further contends that the witness testimony did not support the trial court's finding that Skonezny "failed to yield the right of way or in any way caused the accident in this case." Skonezny contends that Milauskas's testimony was not reliable because he admitted he was "shaken up" after the accident and his action of veering is what caused the accident. We disagree.

{¶21} Parma Codified Ordinances 331.17(a), governs "right-of-way when turning left," and provides as follows:

> The operator of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.

{¶22} As previously mentioned, at a suppression hearing the trial court serves as

the trier of fact, and must judge the credibility of witnesses and the weight of the evidence. *Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶ 8. The trial court is in the best position to resolve questions of fact and evaluate witness credibility. *Id.* We are bound to accept the trial court's factual findings as long as they are supported by competent, credible evidence. *Id.*

**{¶23}** Milauskas's version of what occurred was corroborated by Goldner. They both testified that Skonezny made a left hand turn in front of Milauskas's vehicle without enough clearance.

**{¶24}** Skonezny next contends that a misstatement of the facts in the trial court's judgment calls its judgement into question. Specifically, the trial court found that Officer Voisine stopped the suspect vehicle on Snow Road and observed that Skonezny was the driver. That was not the testimony of the officer, but as Skonezny himself admits, "this inaccurate finding may not be critical to the determination of [the] Motion to Suppress * * *." It is not and, further, for the reasons already discussed, we do not find that it "calls into question the trial court's resolution of other, critical, factual issues" as suggested by Skonezny.

**{¶25}** In light of the above, we accept the trial court's findings as being supported by competent, credible evidence.

B. Review of Facts against Applicable Legal Standard

**{¶26}** Skonezny contends that even if the trial court's findings are accepted as true, the trial court erred in applying them to find that Officer Voisine had "reasonable

suspicion to perform an investigatory stop." But the officer did not perform an investigatory stop. Rather, he went to Skonezny's home to ask him if he knew anything about the accident.

{¶27} Not every encounter between a citizen and a law enforcement official implicates the state and federal prohibition on unreasonable searches and seizures. *California v. Hodari D.*, 499 U.S. 621, 626-628, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); *State v. Taylor*, 106 Ohio App.3d 741, 747, 667 N.E.2d 60 (2d Dist.1995).

{¶28} Police may lawfully initiate a consensual encounter without probable cause or a reasonable, articulable suspicion of criminal activity. *United States v. Mendenhall*, 446 U.S. 544, 556, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). Encounters between the police and the public are consensual when the police approach an individual in a public place, engage the person in conversation, and request information, as long as the person is free to walk away. *Id.* at 554; *State v. Jones*, 112 Ohio App.3d 206, 211, 678 N.E.2d 285 (2d Dist.1996). A "seizure" giving rise to Fourth Amendment concerns occurs only when, in view of all the circumstances surrounding the incident, the police officer, either by physical force or by show of authority, restrains the person's liberty so that a reasonable person would not feel free to decline the officer's request and walk away. *State v. Williams*, 51 Ohio St.3d 58, 61, 554 N.E.2d 108 (1990); *Jones* at *id.*

{¶29} Further, an encounter may be consensual even if it occurs on private property. *Williams* at *id.*; *State v. Lenard*, 8th Dist. Nos. 96975 and 97570, 2012-Ohio-1636 (no seizure when police encountered defendant's wife at home and

spoke with her); *State v. Haberman*, 5th Dist. No. 99CA0068, 2000 Ohio App. LEXIS 2424 (June 2, 2000) (no seizure when officer asked person to step out of tent pitched in private yard); *State v. Szewczyk*, 7th Dist. No. 98-CA-20, 1999 Ohio App. LEXIS 4414 (Sept. 14, 1999) (no seizure when police encountered driver making purchase at a drive-thru shop); *State v. Wolske*, 6th Dist. No. WD-97-061, 1998 Ohio App. LEXIS 2329 (May 29, 1998) (no seizure when officer approached truck parked in parking lot with private property signs posted).

{¶30} Here, Officer Voisine went to Skonezny's house with the intent to have a consensual encounter with Skonezny. And indeed, that is how the encounter began; when Officer Voisine asked Skonezny if he could come inside his home to talk to him, Skonezny consented. Had Skonezny refused to talk to Officer Voisine, then Fourth Amendment concerns would have been implicated.

{¶31} But during the course of the encounter Skonezny consented to with Officer Voisine, the officer smelled alcohol, Skonezny's speech was slurred, he "stumbled backwards" as he was opening the door, and had to use the door to regain his balance. Skonezny told the officer that he had been at a bar, consumed alcohol, and had been driving, including on Edgehill Drive.

{¶32} Thus, what began as a consensual encounter led to Officer Voisine having probable cause to arrest Skonezny.

{¶33} In light of the above, the trial court did not err in denying Skonezny's motion to suppress and his sole assignment of error is therefore overruled.

**{¶34}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
EILEEN A. GALLAGHER, J., DISSENTS WITH
SEPARATE OPINION


EILEEN A. GALLAGHER, J., DISSENTING:

**{¶35}** The findings of fact issued by the trial court are fraught with misstatements of the evidence and I question whether the trial court would have reached the same decision if it were not based on erroneous findings.